UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ERIC HERMAN, individually and on behalf of a class of similarly situated individuals, | |
| *Plaintiff*, | Case No. 1:13-cv-0020 |
| v. | Honorable Janet T. Neff |
| SEMPRIS, LLC, a Delaware limited liability company, E. MISHAN & SONS, INC., a New York corporation d/b/a EMSON, INC., and QUALITY RESOURCES, INC., a Florida corporation, | |
| *Defendants*. | |

### DEFENDANT QUALITY RESOURCES, INC.'S REQUEST FOR PRE-MOTION CONFERENCE

Defendant, Quality Resources, Inc. ("Quality"), pursuant to this Court's Amended Modified Case Management Order (Dkt. 96), hereby requests a Pre-Motion Conference with the Court regarding a dispositive motion that Quality intends to file.

1. In this case, Plaintiff asserts class action claims for violations of the Michigan Consumer Protection Act ("MCPA"), M.C.L. §445.903 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, as well as fraud, breach of contract, and unjust enrichment claims. Discovery is just commencing and, at the conclusion of discovery, Quality intends to file a summary judgment motion as to all of Plaintiff's claims.[1]

2. What will be developed through discovery, as briefly set forth below, is that there are no genuine issues of material fact as to Quality's liability for any of Plaintiff's (or the class he purports to represent) claims.

---

[1] Quality hereby requests sufficient time to conduct discovery before the Court enters a briefing schedule on Quality's proposed summary judgment motion.

1

3. Plaintiff will be unable to maintain an action for a violation of the TCPA, as he must prove that he was called without providing his prior express consent. Here, when he purchased from Defendant, Emson, Inc. – the transaction which was the predicate to the call from Quality Herman alleges he received – Herman provided his express consent to be called; the privacy policy on Emson's website specifically provides for such consent and explains how consumers can withdraw their consent. Quality performs order verifications for various Emson products. Quality called Herman at the phone number Herman provided when he made the Emson purchase and in accordance with Herman's express consent – never revoked – to be called at the number he provided.[2] Recent case law demonstrates that express consent to receive telephone calls can be transferable "absent instructions to the contrary."[3]

4. "The MCPA exempts any 'transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States.'"[4] Quality's telemarketing activities are expressly exempt from MCPA liability under M.C.L. § 445.904(1)(a), as such activities qualify as Home Solicitation Sales and are therefore regulated pursuant to M.C.L. § 445.111. As a result, the MCPA expressly exempts the conduct at issue in this case.[5]

---

2. *Pugliese v. Professional Recovery Service, Inc.*, 09-12262 2010 WL 2632562 (E.D. Mich. June 29, 2010) (finding that the FCC determined that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary.").

3. *See Kolinek v. Walgreen Co.*, 13 C 4806, 2014 WL 518174 (N.D. Ill. Feb. 10, 2014) (dismissing TCPA class action and holding plaintiff provided express consent to receive calls on his cellular telephone when he filled a prescription for pharmaceutical drugs, which took place as many as ten years before the lawsuit); *see also Baird v. Sabre Inc.*, CV 13-999 SVW, 2014 WL 320205 (C.D. Cal. Jan. 28, 2014) (holding prior express consent is transferrable between entities that have a contractual relationship).

4. *See Liss v. Lewiston-Richards, Inc.*, 478 Mich. 203, 205-06 (2007).

5. *See, e.g.*, *Liss v. Lewiston-Richards, Inc.*, 478 Mich. 203, 205-06 (2007) ("[Holding] that under M.C.L. § 445.904(1)(a), residential home builders are exempt from the

5. Summary judgment will similarly be appropriate as to Plaintiff's remaining claims. Plaintiff's fraud by omission and fraudulent inducement claims against Quality cannot survive, as the telephone call, which was recorded and has been transcribed, demonstrates that Quality did not omit or conceal any material facts or make any false promises to Herman.[6] Moreover, Quality merely verified orders and sold Sempris' product on behalf of Sempris, so any fulfillment or cancellation obligations could only be performed by Sempris. Plaintiff's breach of contract claim will also fail because Plaintiff will be unable to show the existence of a valid and enforceable contract between himself and Quality.[7] Finally, Plaintiff's unjust enrichment claim fails because Quality did not receive a benefit from Plaintiff, and therefore Plaintiff cannot satisfy the elements of this claim.[8]

---

MCPA because the general transaction of residential home building . . . is 'specifically authorized' by the Michigan Occupational Code . . . ."); *Kraft v. Detroit Entm't, L.L.C.*, 261 Mich. App. 534, 541 (2004) (finding the conduct at issue, operation of slot machines, is regulated and specifically authorized by the Michigan Gaming Control and Revenue Act, and is therefore subject to the MCPA exemption).

6. *See Hord v. Envtl. Research Inst. of Michigan,* 463 Mich. 399, 411 (2000) ("A plaintiff's subjective misunderstanding of information that is not objectively false or misleading cannot mean that a defendant has committed the tort of fraudulent misrepresentation.").

7. *See Appalachian Railcar Services, Inc. v. Boatright*, 602 F. Supp. 2d 829, 867 (W.D. Mich. 2008) (finding that a plaintiff seeking to recover for breach of contract under Michigan law must prove that a contract existed between the parties, the defendant breached the contract, and the breach damaged the plaintiff); *see also Commercial Movie Rental, Inc. v. Larry Eagle, Inc.,* 738 F.Supp. 227, 230 (W.D. Mich. 1989) (finding that mutuality of obligation is an essential element of every contract and where a contract obligates only one party to perform, while exempting the other party from any obligation to do so, it lacks mutuality and is void for want of consideration).

8. *Karaus v. Bank of New York Mellon*, 300 Mich. App. 9, 22-23 (2012) ("A claim of unjust enrichment requires the complaining party to establish (1) the receipt of a benefit by the other party from the complaining party and (2) an inequity resulting to the complaining party because of the retention of the benefit by the other party. … Not all enrichment is unjust in nature, and the key to determining whether enrichment is unjust is determining whether a party unjustly received and retained an independent benefit.").

Dated:   June 26, 2014                              Respectfully,

                                              */s/ Jeffrey A. Backman*
                                              RICHARD W. EPSTEIN
                                              (Fla. Bar No. 229091)
                                              Richard.Epstein@gmlaw.com
                                              JEFFREY A. BACKMAN
                                              (Fla. Bar. No. 662501)
                                              Jeffrey.Backman@gmlaw.com
                                              GREENSPOON MARDER, P.A.
                                              200 E. Broward Blvd.
                                              Suite 1800
                                              Ft. Lauderdale, FL 33301
                                              954-491-1120
                                              954-343-6958 (facsimile)

                                           *Attorneys for Defendant*
                                           *Quality Resources, Inc.*

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on June 26, 2014, I electronically filed the foregoing with the Clerk of the Court via CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                              */s/ Jeffrey A. Backman*
                                              JEFFREY A. BACKMAN